Good morning. Donald Kilmer for the appellants. Richard Enos, et al. May it please the Court, this case is a civil case that kind of stands for the proposition that it's usually better to ask for permission than forgiveness because while this case was pending another case, Chauvin came through the circuit in which Mr. Chauvin was convicted of a misdemeanor crime of domestic violence. So Chauvin said that the statute is constitutional on its face and we're bound by that. So the only question that seems to be remaining is whether your client still has an as-applied challenge. Can you address that? Do you agree that Chauvin resolves the facial constitutionality challenge? I don't believe it resolves the entire facial constitutional challenge, Your Honor, because while Chauvin did apply a constitutional analysis that I can't challenge at this stage of the proceedings to the overall lifetime ban for misdemeanors, for misdemeanors, people convicted of misdemeanor crimes of domestic violence, it didn't apply its analysis to the parenthetical statement which is really at issue in this case. And that is in 18 U.S.C. 921A.33, we have this parenthetical statement that says, if the conviction has been expunged or set aside or is an offense for which the person has been pardoned or has had civil rights restored, then the parenthetical starts. If the law of the applicable jurisdiction provides for the loss of civil rights under such an offense. The Chauvin case did not apply any kind of analysis to that parenthetical. And the reason why that should not be failed to the Enos claim, Your Honor, even in a facial challenge, is because there's just no rational basis for applying that to misdemeanors. I don't think there's any state that strips people convicted of misdemeanors of any civil rights, at least unless they're incarcerated. We found a couple of examples of a few states that say, if you're sitting in jail for a misdemeanor, you can't vote. But even California allows people who are convicted of misdemeanors and are sitting in jail, they still have the right to vote. So there's just no rational basis for stripping people of saying that you can't have your rights restored if you haven't been stripped of your civil rights. But let's assume that we can't look behind Chauvin's determination that the statute was constitutional on its face. And even if there's different arguments that that panel didn't consider, we're bound by that ruling. They also went on, though, to say that it was constitutional as applied to Mr. Chauvin. And in doing so, they looked at specific reports, recidivism rates, and also factors pertinent solely to Mr. Chauvin. Now, would your client have any argument that it wasn't constitutional as applied that's different than what Chauvin had? Or are we also bound by that determination? No, Your Honor. There are several factual distinctions between the Chauvin — Mr. Chauvin and the clients in my case. For instance, Judge Bia's concurring opinion in Chauvin talks about the 1203.4 expungement procedure in California, whereby once somebody has served probation, done their fine, or paid all of their fines and remained crime-free, they can petition a court to withdraw their guilty plea, have the accusatory pleading dismissed, and then they stand before the court as an innocent person. In the Enos case, every single appellant, every single person who is asking this court for relief has availed themselves of that adversarial procedure. I thought Chauvin rejected that. Am I wrong if I said that under Jennings it wasn't an expungement? So, I mean, wouldn't you need to have a pardon from the governor in order to qualify for that exception? No, Your Honor. The language of the Lautenberg Amendment provides for four possible ways of restoring rights, pardon, expungement, restoration of rights, and the fourth one escapes me right now. But the — it's true that the 1203.4 expungement under California law, by its own statutory terms, says the dismissal under this procedure does not in and of itself restore firearm rights. But the Lautenberg Amendment doesn't say we can only look to one statute of the state where the conviction occurred. We can look to the state's entire scheme. And under California law, in order for my clients to get the remedy that they're requesting, they must avail themselves of two remedies. One is the 10-year ban that California opposes, which the Chauvin court found wasn't sufficient. But Chauvin never availed himself of the 1203.4 remedy. My clients did. And also, Appellant Enos actually went through a second adversarial procedure under California law, again, where the people of the state of California were put on notice that there was a request to restore rights. We appeared before a judicial officer, and the relief was granted. But if we, I mean, even if we take your approach, don't we have to overrule Braley to get there? And I don't know that we can't. We're only a three-judge panel. Actually, Your Honor, I think you can, because Braley is a pre- He said, and I'm just reading it, they said, the language is very specific. If misdemeanant civil rights have been restored, and although civil rights are not defined, then they said that is core civil rights. And then at 611, it says core civil rights are the right to vote, the right to seize a juror, or the right to hold public office. And then it went so far as to say if those aren't restored, nothing can be done. That is what Braley says, Your Honor. And prior to Heller, that would be, I would be out of luck. But Braley is prior to Heller. And what Heller told us is that the right to keep and bear arms is also a core fundamental right. And Braley didn't make that finding, and Chauvin didn't extend the ruling. I thought Chauvin relied on Braley in rejecting that argument. That's what I thought. Yeah, so we're bound by that. They already rejected the argument that this was civil rights restored, and then it was an opposed to Heller case. So I think we're just bound by that. You may be, this court may be bound by, all Chauvin did was cite Braley, though. Okay, Braley is a pre-Heller case, and this court is entitled to engage in an independent analysis or independent analysis once there has been a change in the law. Once Heller has said the right to keep and bear arms is also a core right. And remember California Your argument says Chauvin, I call it Chauvin, I may be wrong. But, I mean, the bottom line is I read Braley. I read it very carefully because I was, I said to myself, Idaho does this same kind of stuff. Why am I not going to be led in this same direction? So I read Chauvin. I read what it said and what it cited. I went to Braley because of it. It seems to me that I'm stuck with Braley. If I don't send this en banc and then I just make the same decision, you can make that same plea to the en banc court that I can make. I may be stuck with that, Your Honor. I'd like to reserve the rest of my time. Thank you. May it please the Court. Michael Rabb for the government. Chauvin not only controls the facial challenges, Judge Okuda, you indicated, but also the as-applied challenges as well. Why is that? Because Chauvin looked at factors specific to Mr. Chauvin in determining that he couldn't make an as-applied challenge. Plus it said he didn't offer any reports that showed recidivism rates that would change our views. And so why doesn't Mr. Enos and the other appellants have the right to go into court and say, well, as-applied to me, it's not a substantial, it doesn't further a substantial government interest? Your Honor, with respect, they've had their chance to plead facts that would show that they're meaningfully different from Mr. Chauvin, and they haven't done so. Well, but that was before, I mean, they went to court before Chauvin was decided. And so we often will remand, allow them to amend a complaint in light of new law. Your Honor, they have not ever, even in this Court to date, even after Chauvin was decided, they've said nothing to set them apart in any meaningful way from Mr. Chauvin. Mr. Chauvin also had more than ten years, well more than ten years elapsed after the time of his conviction. The Court ---- He had an additional conviction or an arrest for some further domestic violence issue or something like that. No, there wasn't. Oh, I'm sorry, Your Honor. For Mr. Chauvin did. There wasn't an actual arrest. It was just a visit to the home. And that didn't ---- that was one part of the Court's analysis. Then, independently, the Court, toward the end of its analysis of the as-applied challenge, made clear that in any event, irrespective of the visit by law enforcement officers to the home without making any arrest, independently, the as-applied challenge failed because this would create an impermissible substantial hole in the scheme. But that doesn't work, right? Because, obviously, we're reviewing the statute to see if it's constitutional as applied, and the fact that some ---- it's not constitutional as applied to some people can't be a reason to say that, oh, that creates a hole. I mean, that just doesn't even make sense. Well, with respect, Your Honor, this ---- I mean, what was true of Mr. Chauvin is also true here with regard to these plaintiffs. The only ---- in that substantial amount of time has elapsed from the time of their conviction, and there's ample social science literature emphasized by the Court and Chauvin, as well as by other courts like the Seventh Circuit and Scone, that make clear that these individuals convicted of crimes of violence, in particular of unusually high rates of recidivism, and it's permissible for Congress to say that if you do not, if you're not able to get a pardon, an expungement, or have your conviction set aside within the meaning of Federal law, that there's nothing impermissible about or have your civil rights restored, there's nothing impermissible constitutionally precluding Congress from setting the rule as it long has done. So if a quadriplegic comes into court and says, you know, it's unconstitutional to not allow me to get, to have a gun as a collector's item, I suppose, it would be constitutional as applied to him. I mean, that doesn't sound right to me, because precluding a quadriplegic from having a gun wouldn't further any governmental interest. Your Honor, we're far removed from that situation. I understand that, but the question is, you're suggesting that it's constitutional as applied in every case, and I'm not sure that's true. I mean, you could say as a factual matter, there's no evidence available that Mr. Enos or others could bring in. Yeah. Well, that is what we're saying. Is that what you're saying? That's what we're saying here. They have not. But you can't preclude that their law could change, the studies could change, new evidence could come up, or the individual appellants could have specific factors that would change the analysis. Right. And our point is, Your Honor, they've made no effort whatsoever. The only thing they've pointed to throughout the litigation, including today, is that they received this far less than complete form of relief under 1203.4, which this Court in Jennings has made clear, and echoing language from the California courts, that there are substantial significant restrictions on that form of limited relief, most notably that the conviction can be used against the individual if they're ever charged again with regard to another offense. So that's far removed. And that's the only thing they've identified in any meaningful sense that sets all these plaintiffs apart from Mr. Chauvin. It's just not a meaningful distinction that would warrant coming to any different conclusion on the as-applied challenge. Does the Lautenberg Amendment allow for any way for an individual convicted of a misdemeanor crime of divestive violence to regain his or her right to possess a firearm? Well, again, much depends on state law. So if the state like could – In California. In California, I'm not aware. It's not entirely clear to me what avenue is open, but California could. I mean, it's noteworthy that California has chosen not to afford this kind of expungement, say, that other states like Kentucky have done, and that's permissible for Congress to do, and it's entirely permissible for Congress to enact a statute like this that respects the interests of the states to a degree and says, look, if you as a state want to expunge – provide for true expungement or true set-aside of the conviction or you want to take away their civil rights and then provide a way for restoring them, that's one way. It seems – doesn't it seem odd that if California had said for a crime of domestic violence, we will take away your right to have a gun and we will now take away your right to vote, be on a jury, or hold public office so that we can restore them but not your right to have a gun so that you can have – qualify for guns in the future? I mean, it just seems very odd that having a harsher punishment imposed on a misdemeanor – a misdemeanant would then enable the misdemeanant to qualify for the exception. It's not unusual, and just as the Court in Chauvin explained in rejecting the equal that Congress could permissibly conclude that if you've gone through a state law process that restores rights, that you are in a meaningfully different position from someone who never had that process post-conviction take place. But the substance of my colleague's question, which is really the thing that most concerns me in this particular case, this seems to be a similar procedure as we have in Idaho, and being a state judge, it seems that felonies, there's no question there's a way laid out that you can get all of your constitutional rights back and you know what you're supposed to do. So there it is for felonies. But they've left misdemeanors, and the reality of it is maybe they thought they were doing the same thing with what they've got on the books. And here we have a situation where you have a felony crime, you can take it away, you can do what you have to do. But with this, because they give this procedure to get it done, and it just doesn't meet the statute, that somehow that's okay? Well, a couple of points. One, Congress was careful here in G-9, which applies to only a small subset of misdemeanors, special misdemeanor crimes of domestic violence, which pose special problems, as Senator Lautenberg and others mentioned, and as the Supreme Court has echoed in construing the statute subsequently, pose special problems. These are individuals who not only, when they convict these crimes, run the risk of unusually high risk of recidivism, but they also are oftentimes undercharged for their offense. And it's not at all impermissible for Congress to have taken the step it did. And with regard to, and states are fully free to take account of this, and if they wish to provide mechanisms for individuals such as these convicted of crimes of domestic violence to get their firearms back, they can do so. California allows them. I mean, in other words, he's entitled to firearms under California law. But the federal law has, in effect, put a lifetime ban on someone who was convicted of a misdemeanor. And that seems odd, where the state has determined that the person is entitled to have the right to carry a firearm. And there's nothing impermissible. You're saying the state has to change its laws because of a federal law in order to restore what it already has under state law. It doesn't have to do anything. If it wishes to provide mechanism for the individual to get their federal firearms back, it can do so. But it's noteworthy. And that's what this Court in Chauvin made clear is entirely permissible, relying, as Judge Smith pointed out, on the earlier Braley decision. That's not at all unusual. This has been around for a long time. It's entirely permissible and well within Congress's constitution. We didn't know it was an individual constitutional right protected by the Constitution to have arms, an individual right. We weren't told that until Heller. Well, that has been ---- The Ninth Circuit, it wasn't. By Chauvin, by the time Chauvin was decided, it certainly was. And more important, as Chauvin reiterates, the term civil rights used in the statute is a term of art. The courts have long recognized that that term is limited to the special, not just any right of any kind in a colloquial sense. These are rights tied to state citizenship. And this has not been ---- not only been true since decisions like Braley, but also in many other decisions across the circuits that the Supreme Court in the Logan case noted and made clear and said nothing by way of criticism about, limited to these unique rights of state citizenship, right to serve on a jury, right to hold public office. And there's nothing inappropriate about Congress having enacted a statute like that amendment that forecloses from doing so or from applying the provision to the plaintiffs in this case. Taking you over your time. Thank you. Thank you. One of the other distinctions between Chauvin and the litigants before this Court are that Enos, Bastiani, Marcato, Groves, Monteiro, and Erickson all received their convictions before Lautenberg became an amendment. Lautenberg tells us also that one of the ways that we say that a crime is not a disqualifying crime for purposes of federal firearm rights is if the person was not represented by counsel in the proceeding. There's no way for these gentlemen to have ever gotten a knowing and intelligent waiver of their jury right to trial if they would have known they would have lost their fundamental right to keep and bear arms by waiving that right. That's addressed in my brief and I'll leave it at that. I was going to say that is addressed in your brief. I guess my worry about that is I can't find any case that really substantiates what you're arguing because you're really arguing it isn't a voluntary waiver. You're not alleging there's any procedural defect in what happened. You don't even allege that they didn't understand it. The only thing it is is that they never anticipated it. And, frankly, I've found all kinds of federal law, case law, that would suggest just the failure to anticipate it isn't enough. Yeah, Your Honor, and that's what's interesting is California actually provided for that in its statute, barring misdemeanors from having guns for ten years, because it said if you suffered... We're not really talking about California law here. We're talking about federal law. We're talking about the interpretation of that federal law to help you, and that's where I was looking at. I understand, Your Honor. I think what we have to summarize as best as possible in my argument here is that Lautenberg clearly said that we look to the state of conviction for whether or not rights should be restored under that state's procedures. Lautenberg could have said we're going to treat misdemeanor crimes under domestic violence exactly like felonies, period, end of statement. This would be a much different case. What they said was we're going to look to state law here. Even if we apply the Chauvin analysis to the parenthetical statement I cited earlier in my brief and we strip out just that language, nothing else, we uphold Lautenberg. We say that you have to go through all of these procedures. However, we say that we get rid of this element or this requirement that you have to have lost other civil rights because it makes no sense. It's not even rational. My clients win. The court should remand the case to proceed with gathering evidence and proceed to trial if necessary. Thank you. Thank you. The case of Richard Enos v. Holder is submitted.
judges: Ikuta, Smith, Murguia